**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALBERT WINDO McCALL, JR.       *

     Plaintiff               *

        v              *          Civil Action No. DKC-13-1126

TYRONE CROWDER         *

     Defendant          *
                           ***

## <u>MEMORANDUM OPINION</u>

Pending is Defendant's Motion to Dismiss or in the alternative for Summary Judgment. ECF No. 12. Plaintiff opposes the motion. ECF No. 14. The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's motion, construed as a Motion for Summary Judgment, shall be granted.

### Background

At all times relevant to the Complaint, Plaintiff was confined to Maryland Reception Diagnostic Classification Center (MRDCC) awaiting a parole revocation hearing.[1] The claims before the court concern Plaintiff's allegations that he was denied a reasonable opportunity to prepare for pending criminal charges and his parole revocation hearing because there was no law library available at MRDCC and that the conditions at the overcrowded facility were unduly harsh and included 22 hours a day in lockdown status. ECF No. 1 at pp. 5 – 7. Plaintiff seeks monetary damages for pain and suffering resulting from being subjected to the harsh conditions for over four months. *Id*. at p. 9.

Defendant seeks dismissal of the Complaint because it lacks any specific allegations as to him and Plaintiff failed to exhaust administrative remedies regarding the claims asserted. ECF

---

[1] In an Order dated April 29, 2013, this court dismissed all of Plaintiff's claims pertaining to the delay in providing a parole revocation hearing and the validity of the results. ECF No. 3.

No. 12.  Additionally, Defendant asserts that the allegations regarding the conditions at MRDCC are untrue.[2]

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

---

[2]  Because the Complaint is subject to dismissal on other grounds, this court will not address the merits of the claims regarding the conditions as they existed at MRDCC during Plaintiff's confinement there.

**Analysis**

Defendant asserts that Plaintiff failed to exhaust his claims through the prison administrative remedy procedure and supports that allegation with affidavits from appropriate prison staff. ECF No. 12 at Ex. B and C. The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendant has forfeited the right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986

3

F.Supp. 941, 943-44 (D.Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir.2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In his Opposition Response, Plaintiff does not address Defendant's assertion that he never attempted to exhaust administrative remedies with respect to the claims asserted in the Complaint.   ECF No. 14.   Additionally, Plaintiff offers no further statements regarding Defendant's personal involvement in creating the conditions as stated in the Complaint.[3]  Thus, the Complaint must be dismissed.  A separate Order follows.


   October 17, 2013                            /s/                 
Date                                     DEBORAH K. CHASANOW
                                     United States District Judge

---

[3] Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.' " *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir.2001) *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984).   Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994).